## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

RYAN KOLIS AND JOSHUA LAMB,

              Plaintiff,

v.

MAVIS TIRE SUPPLY LLC AND
JIM JOHNSON,

              Defendants.

Civil Action No.

### <u>NOTICE OF REMOVAL</u>

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendants Mavis Tire Supply LLC ("Mavis") and Jim Johnson (collectively "Defendants"), by and through their undersigned attorney, pursuant to 28 U.S.C. § 1131, 1441, and 1446, seek removal of the above-referenced action.  As grounds for this removal, Defendants state that:

1.     Ryan Kolis and Joshua Lamb ("Plaintiffs") instituted a civil action in Pittsfield District Court, entitled <u>Ryan Kolis and Joshua Lamb v. Mavis Tire Supply, LLC, et al.</u>, C.A. No. 2127CV0061, by filing a Summons and Complaint on or about March 26, 2021 ("State Action"). Plaintiffs then twice amended the Complaint prior to service. According to the Affidavit of Service filed with the Court, the Second Amended Complaint was served on Mavis on or about

June 28, 2021.[1] True and accurate copies of the Summons and Complaint are annexed hereto as Exhibit A.

2.      The Second Amended Complaint alleges causes of action arising under Massachusetts Statutory law and the Fair Labor Standards Act, 29 U.S.C. § 203, et seq.

2.      Defendants have not yet served any Answer or responsive pleading to the Complaint, and no further proceedings have occurred in the State Action to date other than an assented-to motion to extend defendants' time to answer the Second Amended Complaint.

3.      As set out more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 because:  (i) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331; and (ii) Defendants have satisfied the procedural requirements for removal.

4.      This action is being removed to this Court on the grounds that original jurisdiction of this action is in this Court.  Specifically, the Plaintiffs have asserted claims that arise under the Fair Labor Standards Act.

5.      This Notice is being filed within thirty (30) days of service of the Summons and Complaint.  The time for filing this Notice under 28 U.S.C. § 1446(b) has not expired.

## FEDERAL QUESTION JURISDICTION

6.      28 U.S.C. § 1441 provides the basis for removal jurisdiction of this Court in this action.  That section provides, in pertinent part:

> *any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.*

---

[1] The summons filed with the Court with respect to defendant Jim Johnson does not include an Affidavit of Service.

7.      The State Action herein is within the original jurisdiction of this Court based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, in that Plaintiffs bring claims pursuant to the Fair Labor Standards Act. 2d. Am. Compl. p. 1, and ¶¶ 26-28.

8.      Because the United States District Courts have original jurisdiction over causes of action arising under federal law, pursuant to 28 U.S.C. § 1331, removal of this case to this Court under the circumstances herein is proper.

9.      Accordingly, this action is removable to the Court under 28 U.S.C. § 1441.

10.     Plaintiffs' state law claims of violations of Massachusetts statutory law are based on the same factual allegations as their federal law claims.  Consequently, this Court has supplemental jurisdiction over the state law claims asserted by Plaintiffs pursuant to 28 U.S.C. § 1367.

11.     Defendants submit this Notice without waiving any defenses to the claims asserted by Plaintiffs or conceding Plaintiffs have pled claims upon which relief may be granted.

12.     All Defendants consent to the removal of the State Action to this Court.

13.     Defendants will notify the Pittsfield District Court of this Notice of Removal by filing with the Pittsfield District Court a Notice of Filing of Notice of Removal.  A copy of the notification which will be sent to the Pittsfield District Court is attached hereto as Exhibit "B".

WHEREFORE, Defendants pray that the above State Action now pending against it be removed to this Court.

Respectfully submitted,

MAVIS TIRE SUPPLY LLC AND
JIM JOHNSON,
By their attorney,

/s/ Douglas J. Hoffman
Douglas J. Hoffman (BBO # 640472)
JACKSON LEWIS P.C.
75 Park Plaza
Boston, MA 02116
Douglas.hoffman@jacksonlewis.com
(617) 367-0025; FAX: (617) 367-2155

Dated: July 27, 2021

## CERTIFICATE OF SERVICE

This hereby certifies that on this 27th day of July 2021, a copy of the foregoing document was served upon Plaintiff's counsel by email.

Michael A. Rivkin
COHEN KINNE VALICENTI & COOK LLP
28 North Street, 3rd Floor
Pittsfield, MA 01201
Phone: 413-443-9399
Fax: 413-442-9399
mrivkin@cohenkinne.com

/s/ Douglas J. Hoffman
Jackson Lewis P.C.

4817-0049-5091, v. 1

4

# EXHIBIT A

Commonwealth of Massachusetts
Pittsfield District Court
24 Wendell Avenue
P.O. Box 875
Pittsfield, MA 01201
(413) 442-5981

RYAN KOLIS and JOSHUA LAMB
,

PLAINTIFF(S),

CIVIL No. 2127CVO0061

v.

MAVIS TIRE SUPPLY LLC AND
JIM JOHNSON

**SUMMONS**

DEFENDANT(S)

## THIS SUMMONS IS DIRECTED TO Mavis Tire and Supply LLC

(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Pittsfield Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Pittsfield District Court, 24 Wendell Avenue, P.O. Box 875, Pittsfield, MA 01201" and to the individual below:

Michael A. Rivkin          Cohen Kinne valicenti + Cook
_____, at 28 North St, 3rd floor, Pittsfield, MA 01201.
(name of Plaintiff or Plaintiff's attorney)          (address)

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

5. **You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days**. Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights** or you may lose the case. You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Paul H. Smyth, First Justice on _____, 20 21 .

(SEAL)

_____
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## RETURN OF SERVICE
(for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐ Last and usual at (address)

_____
(signature)

_____
(name and title)

☐ In hand

_____
(address)

☐ Other:

*Please place date you make service in this box and on copy served on defendant and return original to this Court:*

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, §31).

Rev. 9/2015

## COMMONWEALTH OF MASSACHUSETTS

**PITTSFIELD**

**DISTRICT COURT DEPARTMENT
OF THE TRIAL COURT**

**CIVIL ACTION NO. 2127CV0061**

---

**RYAN KOLIS and JOSHUA LAMB,**

        **Plaintiffs,**

v.

**MAVIS TIRE SUPPLY LLC and
JIM JOHNSON**

        **Defendants.**

---

## SECOND AMENDED COMPLAINT

Plaintiffs, Ryan Kolis and Joshua Lamb, by and through their attorneys, Cohen Kinne Valicenti & Cook LLP, bring this action against Defendants, Mavis Tire Supply LLC and Jim Johnson, for violations of G.L. c. 149 §§ 148 and 150, G.L. c. 151 § 1, and the Fair Labor Standards Act.

### Parties

1.      Plaintiff, Ryan Kolis ("Kolis"), is an individual residing in Massachusetts.

2.      Plaintiff, Joshua Lamb ("Lamb"), is an individual residing in Massachusetts.

3.      Defendant, Mavis Tire Supply LLC ("Mavis"), is a limited liability company with a principal office at 358 Saw Mill River Road, Millwood, New York.

4.      Defendant, Jim Johnson ("Johnson"), is an individual residing in Massachusetts.

253402_2

1

**Facts**

5.     Mavis is a business offering tire and other automobile-related products and services.

6.     Mavis owns and operates numerous stores throughout the eastern United States, including a store located at 868 Dalton Avenue, Pittsfield, Massachusetts (the "Pittsfield Mavis Store").

7.     Since 2019, Johnson has been the store manager for the Pittsfield Mavis Store.

8.     Kolis and Lamb (together, "Plaintiffs") are mechanics at the Pittsfield Mavis Store.

9.     Plaintiffs are and were under the direct supervision of Johnson at all times that Johnson has been the store manager for the Pittsfield Mavis Store.

10.     Johnson has control over Plaintiffs' hours and pay and controlled the employment and financial policies of the business.

11.     Plaintiffs regularly work more than 40 hours per week, entitling them to payment at overtime rates.

12.     Mavis and Johnson (together, "Defendants") only pay Plaintiffs for 39 hours per week, in order to avoid paying overtime rates.

13.     Defendants have instituted and implemented a policy and practice of denying Kolis and Lamb the opportunity to take breaks during the workday.

14.     As a result of Defendants' policy and practice, Plaintiffs regularly work through the workday, without breaks during which they are permitted to leave the job site or are otherwise relieved of all work-related duties.

15.     Despite the fact that Plaintiffs are denied the opportunity take breaks, Defendants deduct a full hour from Plaintiffs' paychecks each day for purported breaks.

16.     Because Plaintiffs regularly work continually through their shifts without taking breaks, they do not punch out on the store's time clock.

17.     Defendants require Plaintiffs to sign time card reports falsely reporting that they have taken breaks but forgot to punch out on the time clock.

18.     Defendants are aware that Plaintiffs do not actually take breaks and are aware that the information on the time card reports inaccurately reflects the hours actually worked by Plaintiffs.

19.     Prior to Mavis' transition to a direct deposit payment system for employees in 2019, Defendants would withhold Plaintiffs' paychecks if they refused to sign the time card reports falsely stating that they took breaks when they did not.

20.     On occasions when Kolis has taken a 30-minute break during the workday on Sundays, he has been chastised by his supervisors for doing so.

21.     While serving as store manager for the Pittsfield Mavis Store, Johnson implemented the policies and practices described above.

22.     Plaintiffs have received authorization from the Commonwealth of Massachusetts Office of the Attorney to file a civil lawsuit.

### COUNT I
### Non-Payment of Earned Wages in Violation of G.L. c. 149 §§ 148 and 150, G.L. c. 151 § 1, and the Fair Labor Standards Act

23.     Plaintiffs repeat and reallege the allegations above as if fully stated herein.

24.     By failing to pay Plaintiffs for all of their working time, Defendants failed to pay Plaintiffs the full amount of their earned wages when said wages became due and payable.

25.     Plaintiffs are entitled to recover their unpaid wages, multiple damages as allowed by law, interest, reasonable attorneys' fees, and litigation costs.

253402_2

3

**COUNT II**
**Failure to Pay Overtime Rates in Violation of the Fair Labor Standards Act**

26.    Plaintiffs repeat and reallege the allegations above as if fully stated herein.

27.    Defendants failed to pay Plaintiffs an overtime rate for hours worked in excess of forty per week.

28.    Plaintiffs are entitled to recover their unpaid overtime compensation, multiple damages as allowed by law, interest, reasonable attorneys' fees, and litigation costs.

WHEREFORE, Plaintiffs respectfully request that the Court:

A.    Enter judgment finding that Defendants are liable to Plaintiffs for the violations of Massachusetts and federal wage and hour laws identified above;

B.    Award to Plaintiffs damages, including multiple damages, as well as interest, attorneys' fees, costs, and any other amounts allowed by law;

C.    Order Defendants to immediately cease their wrongful conduct as set forth above and to begin paying their employees correct, lawful wages; and

D.    Grant to Plaintiffs such other and further relief as the Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS TO TRIABLE.

[*signature page follows*]

253402_2

4

Respectfully submitted,
RYAN KOLIS AND JOSHUA LAMB,
Plaintiffs,
By their attorneys

/s/Michael A. Rivkin
Michael A. Rivkin (BBO# 697737)
COHEN KINNE VALICENTI & COOK LLP
28 North Street, 3rd Floor
Pittsfield, MA 01201
Phone: 413-443-9399
Fax: 413-442-9399
Email: mrivkin@cohenkinne.com

Date: June 17, 2021

253402_2

5

| STATEMENT OF DAMAGES G.L. c. 218, § 19A(a) | DOCKET NO. | | Trial Court of Massachusetts | |
|---|---|---|---|---|

| PLAINTIFF(s) | | DATE FILED |
|---|---|---|
| Ryan Kolis and Joshua Lamb | | 3/26/21 |

| DEFENDANT(s) | | COURT DIVISION |
|---|---|---|
| Mavis Tire Supply LLC and Jim Johnson | | Pittsfield District Court |

**INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.**

Required information to be submitted by Filer (select applicable boxes):
Civil action alleges money damages in: ☐ Contract  ☒ Tort

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
|    1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    4. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    5. Total other expenses (describe) _____ | $ _____ |
| SUBTOTAL: | $ _____ |
| B. Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 30,000+ |
| C. Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| D. Reasonably anticipated future medical and hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| E. Reasonable anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| F. Other documented items of damage (describe): _____ | $ _____ |
| G. Brief description of Plaintiff's injury, including nature and extent of injury: _____ _____ _____ _____ | |
| For this form, disregard double or treble damage claims; indicate single damages only.    TOTAL: | $ 30,000+ |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| ☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agrement Mass. R. Civ. P. 8.1(a) | |
|   Provide a detailed description of the claim(s): _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| For this form, disregard double or treble damage claims; indicate single damages only.    TOTAL: | $ |

Alleged total damages are (select appropriate box): ☐ $25,000 or less  ☒ more than $25,000

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF) | | DEFENDANT'S NAME AND ADDRESS: |
|---|---|---|
| Sasha Kopf, Esq. | 3/26/21 | Mavis Tire Supply LLC |
| PRINT OR TYPE NAME | DATE | |
| /s/ Sasha Kopf | 676093 | 358 Saw Mill Road, Millwood, NY |
| SIGNATURE | B.B.O.# | |
| Cohen Kinne Valicenti & Cook LLP | | |
| ADDRESS | | |
| 28 North Street, 3rd Floor, Pittsfield, MA 01201 | | |

CERTIFICATION PURSUANT TO SJC RULE 1:18: I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: /s/ Sasha Kopf        Date: 3/26/21
12.27.19

# **EXHIBIT B**

# COMMONWEALTH OF MASSACHUSETTS

PITTSFIELD, ss.                                    DISTRICT COURT DEPARTMENT
                                                  OF THE TRIAL COURT

_____
                                        )
RYAN KOLIS and JOSHUA LAMB              )
                                        )
    Plaintiffs,                         )
                                        )
             v.          )          Civil Action No. 2127CV0061
                                        )
MAVIS TIRE SUPPLY LLC and               )
JIM JOHNSON                             )
                                        )
    Defendants.                         )
_____)

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:     Civil Clerk's Office
        Pittsfield District Court
        24 Wendell Ave.
        Pittsfield, MA 01202

    **PLEASE TAKE NOTICE** that a notice of removal in the above action from the Pittsfield

District Court has been duly filed in the United States District Court for the District of

Massachusetts.  Attached hereto is a copy of that Notice of Removal.

                                     Respectfully submitted,

                                     MAVIS TIRE SUPPLY LLC AND
                                     JIM JOHNSON,
                                     By their attorney,

                                     /s/Douglas J. Hoffman_____
                                     Douglas J. Hoffman (BBO # 640472)
                                     JACKSON LEWIS P.C.
                                     75 Park Plaza
                                     Boston, MA 02116
                                     Douglas.hoffman@jacksonlewis.com
                                     (617) 367-0025; FAX: (617) 367-2155

Dated: July 27, 2021

## CERTIFICATE OF SERVICE

This hereby certifies that on this 27th day of July 2021, a copy of the foregoing document was served upon Plaintiffs' counsel by email.

Michael A. Rivkin
COHEN KINNE VALICENTI & COOK LLP
28 North Street, 3rd Floor
Pittsfield, MA 01201
Phone: 413-443-9399
Fax: 413-442-9399
mrivkin@cohenkinne.com


/s/Douglas J. Hoffman
Jackson Lewis P.C.

4827-5409-6115, v. 1